[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12237
Non-Argument Calendar
_____

D.C. Docket No. 0:04-cr-60038-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELVIN MCKINNEY,
a.k.a. Poochie,
a.k.a. Poco,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 8, 2012)

Before BARKETT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Delvin McKinney appeals *pro se* the district court's denial of his request for a "complete direct review or evidentiary hearing" based on his contention that his appellate counsel was not provided with a complete copy of his trial transcript prior to his direct appeal.  McKinney contends the district court abused its discretion by denying his motion because his appellate counsel never received the transcript of the afternoon session on February 18, 2005, and McKinney had a right to a record on appeal that included a complete transcript of the trial.

The district court did not abuse its discretion in denying McKinney's motion.[1]  Even assuming some doubt regarding whether McKinney's counsel received a full copy of the February 18, 2005, transcript, McKinney's essential contention–that he was denied the right to effective assistance of appellate counsel because of an incomplete record–is one that must be raised in a § 2255 motion.  To the extent that McKinney might seek to raise such a claim on collateral review, he has previously filed a 28 U.S.C. § 2255 motion, which has been adjudicated on its merits.  *See McKinney v. United States*, S.D. Fla. Case No. 08-cv-60300.  As McKinney has not sought or obtained an order from this Court authorizing a

---

[1]  We review a district court's denial of a motion for evidentiary hearing for an abuse of discretion.  *United States v. Massey*, 89 F.3d 1433, 1443 (11th Cir. 1996).

2

second or successive § 2255 motion, there was no reason for the district court to hold an evidentiary hearing.

**AFFIRMED.**